IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| JOSHUA SPRINGER, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SEMPER BLUE<br>PROFESSIONAL SERVICES, Inc.<br><br>Serve:<br>Richard T. Bryant<br>1111 Main Street, #750<br>Kansas City, Missouri 64105<br><br>Defendant. | Case No. 4:18-cv-00968 |

## COMPLAINT

**COMES NOW,** Joshua Springer ("Plaintiff"), on behalf of himself, and all others similarly situated, by and through counsel, and for his Complaint against Semper Blue Professional Services, Inc. ("SBPS"), hereby states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant for unpaid wage and overtime compensation, and related penalties and damages.

2. Defendant's policy and practice is to deny minimum wages and overtime pay to security staff at its various locations. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; Mo. Rev. Stat. § 290.500, *et seq.*, Ky. Rev. Stat., Ch. 337, *et seq.*; Va. Code Ann. Sec. 40.1-28.10; Code of Va. § 41.1-28.8, *et seq.*; Tex. Lab. Code Ann. Sec. 62.051, *et seq.* ("State Wage Laws").

1

3. Plaintiff previously worked at Defendant's place of business in Kansas City, Missouri from approximately October 2014 to October 2018. This lawsuit is brought as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

5. In additional, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 201, *et seq.*

6. In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law class action claims brought under the laws of Kentucky, Oklahoma, Texas and Virginia.

7. This Court has personal jurisdiction because Defendant has been conducting business in Jackson County, Missouri, and Plaintiff was an employee, working for Defendant, within this jurisdictional district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in Jackson County, Missouri, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

9. Plaintiff is a resident of the State of Missouri, Jackson County since 2010.

10. At all relevant times, Plaintiff was employed as a security guard for Defendant.

11. At all times relevant to this action, Plaintiff worked at locations in which Defendant contracted with third parties to provide security services.

12. Semper Blue Professional Services, Inc. ("Semper Blue") is a corporation organized under the laws of the State of Missouri, with its principal place of business located in the State of Missouri, and locations in Missouri and across the nation.

13. At all relevant times, Semper Blue provided security services to third parties throughout the Kansas City metropolitan area and other metropolitan areas throughout the country.

14. At all relevant times, Defendant was authorized to do business and was, in fact, doing business in the State of Missouri.

15. At all relevant times, Defendant operated security firms in Kentucky, Oklahoma, Texas and Virginia.

16. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

17. Plaintiff brings Count I, the FLSA claim for security guards and other security personnel, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following class of persons:

> All Semper Blue security personnel employed by Defendant in Kentucky, Missouri, Oklahoma, Texas and Virginia within three years from the commencement of this action who have not been paid minimum wage for all hours worked and/or have not been properly paid overtime compensation, at one-and-a-half times the minimum wage, for all work performed in excess of forty hours per week.

18. Plaintiff brings his state law claims in Count II under state law and Count III (unjust enrichment/quantum meruit) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and on behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiff and other similarly situated Semper Blue employees. The Rule 23 classes are each defined as:

MISSOURI CLASS

All Semper Blue personnel employed by Defendant in the State of Missouri within two years of filing this action. Mo. Rev. Stat. 290.500, *et seq.*; Mo Code Regs. Ann. Tit. 8, § 30-4.020

KENTUCKY CLASS

All Semper Blue personnel employed by Defendant in the State of Kentucky within three years of filing this action. Ky. Rev. Stat., Ch. 337, *et seq.*

OKLAHOMA CLASS

All Semper Blue personnel employed by Defendant in the State of Oklahoma within three years of filing this action.

TEXAS CLASS

All Semper Blue personnel employed by Defendant in the State of Texas within two years of filing this action. Tax. Lab. Code Ann. Sec. 62.051, *et seq.*

VIRGINIA CLASS

All Semper Blue personnel employed by Defendant in the State of Virginia within three years of filing this action. Va. Code Ann. Sec. 40.1-28.10; Code of Va. § 40.1-28.8, *et seq.*

UNJUST ENRICHMENT CLASS

All Semper Blue personnel employed by Defendant in Missouri, Kentucky, Oklahoma, Texas and Virginia within three years of filing this action.

19. This class satisfies the numerosity standards in that the class members are well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail and notice posted in Semper Blue's offices.

20. There are questions of law and fact common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether all class members were misclassified as exempt employees under the public employee exception of the FLSA and denied overtime pay;

b. Whether Defendant recorded the amount of time spent by employees traveling between work sites;

c. Whether all class members bore the cost of the uniform and other employee required tools and, if by purchasing them, the employee received less than minimum wage;

d. Whether Defendant counted overtime on a workweek basis or averaged the overtime over a longer period;

e. Whether Defendant knew or had reason to know that its policies and compensation practices were unlawful; and

f. Whether Defendant retained a benefit from such unlawful policies and compensation practices.

21. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness and equity.

22. Plaintiff's claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

23. A class action is the appropriate method for the fair and efficient administration of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

24. The Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class will be fairly and adequately protected by the Plaintiff acting as Class Representative and his undersigned counsel, who has experience in employment and class action lawsuits.

25. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

26. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendant's FLSA violations. The number and identify of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

28. To the extent required by law, notice will be provided to said individuals via first class mail, email and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I – VIOLATIONS OF THE FAIR STANDARDS LABOR ACT

29. Plaintiff re-alleges the allegations as set forth above.

30. At all material times, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

31. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

32. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in commerce.

33. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

34. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees.

35. At all relevant times herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

36. Plaintiff was employed by Defendant. During this time frame, Plaintiff performed work for Defendant in the position of security guard.

37. During the statutory period, Plaintiff was paid an hourly wage of $12.00 per hour.

38. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other security guards who had the same job duties and compensation structure as Plaintiff.

39. Plaintiff and all similarly situated employees have substantially similar job requirements and pay provisions and are subject to Defendant's common policy and practice of misclassifying these employees as "exempt" and refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

40. The FLSA requires employers, such as Defendant, to compensate all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half the regular rate of pay wage, for hours worked in excess of forty hours in the workweek.

7
Case 4:18-cv-00968-BP   Document 1   Filed 12/07/18   Page 7 of 13

41. Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

42. At all relevant times, Defendant has had a policy and practice of failing to properly pay minimum wages because Defendant has violated the rules for calculating overtime pay by averaging hours over periods of time not allowed by law. Defendant has also had a policy of not paying for any or all overtime hours worked.

43. Defendant's failure to properly compensate Plaintiff and all others similarly situated under the overtime rules constitutes a violation of the Fair Labor Standard's Act minimum wage and overtime compensation requirements, 29 U.S.C. §§ 201, *et seq.*

44. Defendant's violation of the FLSA is continual in nature in that Defendant continues to pay its security personnel under the same unlawful policies and procedures set forth in detail herein.

45. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

47. As a result of the aforesaid violations of the FLSA's minimum wage and overtime pay provisions, proper minimum wage and overtime compensation has been unlawfully withheld by

Defendant from Plaintiff and all similarly situated employees. Accordingly, Plaintiff, and all others similarly situated, seeks damages in the amount of all respective unpaid minimum wage and overtime, plus liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

c. Award Plaintiff and all similarly situated employees pre-judgment and post- judgment interest as provided by law;

d. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendant has violated state and federal law; and

f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II – FAILURE TO PAY STATE WAGE LAWS

48. Plaintiff re-alleges the allegations as set forth above.

49. Plaintiff and the putative class were employed by the Defendant and were paid wages below the minimum wage and/or were not compensated for any or all overtime hours worked, pursuant to the state laws of Kentucky, Missouri, Oklahoma, Texas and Virginia.

50. Said work often required Plaintiff and the putative class were to work in excess of forty (40) hours per week.

51. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

52. Plaintiff and the putative class were treated as exempt employees by the Defendant.

53. Defendant employs/employed other employees who are/were paid below the minimum wage requirements and were treated as exempt employees under the wage statutes in Kentucky, Missouri, Oklahoma, Texas and Virginia. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

54. Said work often caused "similarly situated" employees to work in excess of forty (40) hours per week. These "similarly situated" employees were misclassified as "exempt" employees and not properly compensated for this work at the applicable rate of pay.

55. The state wage laws in Kentucky, Missouri, Oklahoma, Texas, and Virginia require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

56. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fail to compensate them full minimum wage for time.

57. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fail to provide employees overtime pay.

58. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiff because his claims are similar to the claims of the putative class members.

59. The names and addresses of the putative class members are available from Defendant. The Defendant failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the State Wage Laws.

60. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the state wage laws in Kentucky, Missouri, Oklahoma, Texas and Virginia.

61. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative class, seeks recovery under these state laws and such other legal and equitable relief as the Court deems just and proper and all attorney fees, costs, and expenses of this action, to be paid by Defendant.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Springer as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and other such relief as this Court deems necessary, just and proper.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT

62. Plaintiff re-alleges the allegations as set forth above.

63. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

64. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

65. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Springer as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiff and the putative class by the Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully Submitted,

**PROTZMAN LAW FIRM, LLC**

*By:* /s/ Andrew B. Protzman
Andrew B. Protzman, MO # 47086
Ben Stelter-Embry, MO # 65404
1100 Main Street, Suite 2430
Kansas City, MO 64105
Phone: (816) 421-5100
Fax: (816) 421-5101
Email: andy@protzmanlaw.com
ben@protzmanlaw.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**