# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# KANSAS CITY DIVISION

| | |
|---|---|
| JOSHUA SPRINGER, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:18-CV-00968-BP<br>) |
| SEMPER BLUE PROFESSIONAL SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

The Court granted preliminary approval of the settlement (Doc. 77) and notice has been provided to the Class. The settlement has been well received by the class members and there are no objectors. The parties now request that the Court grant final approval of the settlement and end this litigation so that the class members may receive the monetary benefits provided by this settlement.

On November 21, 2019, the Court issued its Order Granting Motion for Preliminary Approval of Class Settlement. By that Order, the Court granted class certification for the purposes of settlement, appointed named plaintiff, Joshua Springer as the class representative, appointed undersigned counsel as Class Counsel, and directed the parties to proceed with settlement administration according to the terms of the Settlement and the Order. Pursuant to the Order, the Court-approved notice was sent to the opt-in Plaintiffs. The deadline to return or postmark claim forms, requests for exclusion and/or to object to the settlement was January 7, 2020. All class members were advised in their notices of the specific amounts that: (1) they

will receive; 2) the class representatives will receive; and 3) class counsel will receive under the settlement. The settlement has been well received. No objections were filed.

Pursuant to the November 21, 2019 Order, the Court held a hearing on January 21, 2020. No objectors appeared in person at the hearing. The Court entered a final approval of the settlement (Doc. 79), and requested the parties submit a formal motion for final approval and a proposed order accordingly. Under these circumstances – where the settlement has been so well-received and approved by the Court – the parties request the Court enter an order approving the settlement, a proposed draft of which will be submitted to the Court contemporaneously with this Motion.

## **FACTUAL AND PROCEDURAL HISTORY**

The Named Plaintiff Joshua Springer brought a lawsuit under state and federal wage law for alleged improperly paid wages while working as a security guard at Semper Blue Professional Services. Plaintiff sought relief on behalf of a putative class consisting of Defendant's current and former security guards at SB Pro locations nationwide. The parties conducted detailed discovery and engaged in significant motion practice when the case settled at court-ordered mediation with experienced wage and hour class mediator, John Phillips, in Kansas City. After a full day of negotiation, the parties were able to reach an accord that summarized the basic terms of this settlement.

The main terms of the agreement are as follows:

(1) $38,000 to Protzman Law Firm for attorneys' fees and expenses;
(2) $9,480 to be distributed among the seven eligible class members;
(3) $3,000 as compensation to Joshua Springer for his service as named Plaintiff;
(4) Release of all claims in the litigation.

2

The distributions for the Named Plaintiff and Opt-In Plaintiffs are based on actual personnel and payroll records. Each person's proposed distribution is based on the number of improperly calculated overtime hours for each eligible class member who had unpaid overtime and did not already accept a settlement administered by the United States Department of Labor. Some Opt-In Plaintiffs will also receive a pro rata share based on (1) dates of active employment; (2) and total number of hours worked at SB Pro.

On January 21, 2020, this Court found, after scrutinizing the proposed settlement in light of the direction set forth above, that the settlement is fair and should be approved. The outcome of litigation is uncertain. Proceeding through trial and appeal would involve substantial litigation risks, would be costly, and would substantially defer resolution. Further, approval of the settlement is proposed here by experienced and reputable class action counsel. In this case, the Parties have vigorously and competently prosecuted and defended the FLSA allegations. The Parties have conducted through discovery and have participated in an arms-length mediation. The proposed settlement is fair and should be approved.

## ARGUMENT AND LEGAL AUTHORITIES

### A. Final Approval of the Class Settlement.

FRCP 23(e) requires a Court to determine whether a final settlement binding upon class members is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2). In making this determination, the Court considers "the settlement, taken as a whole," rather than its component parts. *E.E.O.C. v. McDonnell Douglas Corp.*, 894 F. Supp. 1329, 1333 (E.D. Mo. 1995) ("[I]t has been recognized that 'the Court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

3
Case 4:18-cv-00968-BP   Document 80   Filed 01/31/20   Page 3 of 11

between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'") (citing *Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

Approval of a Rule 23 class settlement involves a two-step process. Manual for Complex Litigation, § 21.632 (4th ed. 2004); 4 Alba Conte & Herbert Newberg, Newberg on Class Actions § 11.25, at 38-39 (4th ed. 2002). The first step was completed when the Court granted preliminary approval of the settlement and ordered notice to be sent to the class. In the second, final step, the Court again determines whether the settlement is fair, reasonable, and adequate, taking into consideration the notice provided to class members and any objections raised. *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037, 2015 WL 12426091, at *6 (W.D. Mo. June 1, 2015) (finding settlement "fair, reasonable, and adequate" and granting final approval). "Ultimately, the court must examine whether the interests of the class are better served by settlement than by further litigation." *Casey v. Coventry Healthcare of Kansas, Inc.*, No. 08-00201-CV, 2012 WL 860395, at *1 (W.D. Mo. Mar. 13, 2012). Having provided notice pursuant to the approved plan, and receiving no class member objections or complaints, the Parties request that the Court enter an order granting final approval of the Rule 23 settlement.

### B. Approval of the FLSA Class Settlement

The standard for court approval is straightforward under the FLSA: a district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a bona fide dispute under the FLSA. *Garcia v. Triumph Foods*, Case No. 11-6046-CV-SJ-ODS (W.D. Mo. July 12, 2012) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352- 54 (11th Cir. 1982)). First, the court must be satisfied that the settlement was the product of "contested litigation." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353). Second, the

4

court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the Parties under the FLSA. *Id.* Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arms-length settlement as *indicia* of fairness. *Id*. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The Parties respectfully submit that this Court should conclude that the Parties' settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

### 1. The Proposed Settlement Is the Product of Contested Litigation.

The proposed settlement is the product of contested litigation. In his Complaint, Plaintiff made factual allegations describing SB Pro's allegedly unlawful compensation and time-keeping practices. (Doc. 1). In its Answer, SB Pro admitted that it miscalculated overtime payments for some employees on a limited basis and that it had entered into a supervised settlement with the USDOL, but denied Plaintiff's other material factual allegations and asserted an array of affirmative defenses. (Doc. 21).

The Parties conducted factual investigation regarding Plaintiff's allegations, with Defendant producing documents and data related thereto. In addition to their factual investigations, the Parties also conducted in-depth legal analysis of various issues implicated in this case. In particular, the Parties scrupulously analyzed SB Pro's employees' time clock records and payroll records. The Parties acknowledged other more specific respective risks related to various contested factual issues and the application of legal defenses, as detailed above.

The settlement of this lawsuit resulted only after: (1) extensive review of documents regarding SB Pro's compensation policies, employee time clock records, and employee payroll

5

records; and (2) good faith settlement negotiations between the Parties, including a formal mediation, as ordered by the Court, with an exceptionally experienced mediator.

Prior to settlement, the Parties had a full opportunity to analyze pertinent factual and legal issues and assess the strengths and weaknesses of their claims and defenses. Accordingly, the Court should readily conclude the settlement was the product of contested litigation.

        **2.    The Proposed Settlement Reflects A Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties.**

The second prong of the Court's settlement approval inquiry focuses on two issues. The first issue is confirming the existence of a bona fide dispute between the parties under the FLSA. The second issue involves a review of the fairness and reasonableness of the proposed settlement.

        **a.    A Bona Fide Dispute Exists Between the Parties.**

Plaintiff alleged SB Pro violated the FLSA because it failed to properly pay overtime compensation to hourly security and compliance officers for work that exceeded 40 hours per week and that SB Pro manually manipulated its hourly employees' time records. SB Pro admitted that it improperly calculated its employees' overtime pay and that it had settled a similar claim with the USDOL prior to Plaintiff's lawsuit.

However, if any of Plaintiffs' other claims for uncompensated work were ultimately found to have merit, and the case was certified as a collective action, SB Pro would be faced with the prospect of a monetary verdict in favor of Plaintiffs, as well as an obligation to pay litigation fees and costs incurred by Plaintiffs. If SB Pro's arguments were ultimately proven correct, then Plaintiffs might receive no recovery of any kind. Accordingly, the Court should readily conclude a bona fide dispute between the Parties existed under the FLSA.

        **3.    The Proposed Settlement Is Fair and Reasonable.**

Ultimately, the Parties settled the case in a manner that will provide monetary relief to Plaintiff and those Opt-In Plaintiffs effected by SB Pro's failure to properly pay overtime who did not already settle their claims with SB Pro vis-à-vis the USDOL settlement.

This settlement was the product of arms-length negotiations by experienced counsel and has the salutary effect of (i) providing relief to Plaintiff and Opt-In Plaintiffs they sought to represent, and (ii) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Under these circumstances, a presumption of fairness should attach to the proposed settlement. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing Courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness); see also *In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Public policy favors settlements. This is particularly true in complex cases, such as this, where substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); see also *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

As reflected in the Settlement Agreement, the proposed settlement brings value to Plaintiffs. At trial, the potential recovery could have been less, or nothing at all. Consequently, this settlement brings Plaintiffs value now, as opposed to years from now, and provides certainty

regarding the outcome of this matter. Further, if the settlement is not approved, any recovery through litigation may not occur until after years of litigation and appeals. Or, such recovery may not occur at all after trial and appeal. Under the circumstances, a significant factor weighing in favor of the Court's approval of the proposed settlement is that substantial benefits will be immediately received by Plaintiffs and made certain by the settlement. See *In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements, they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.") (internal quotations omitted).

After thorough investigations of the facts and law, the Parties have gained extensive knowledge of the strengths and weakness of their respective opponent's positions, providing the Parties with ample opportunity to assess the proposed settlement before they mutually agreed to it. Based on their knowledge of the case and the applicable law, as well as their experience in similar FLSA actions, Plaintiffs' counsel believes the settlement is fair, reasonable and adequate. That opinion is entitled to great weight by the Court. Additionally, the Parties have executed a Settlement Agreement indicating their approval of the settlement, notice was provided to the class, no objectors filed an objection or appeared at the fairness hearing, and the Court has held the fairness hearing after a review of the relevant documents and pleadings. Accordingly, the Parties respectfully suggest this Court should conclude the settlement reflects a fair and reasonable resolution of a bona fide dispute under the FLSA and enter the proposed order approving the settlement.

    **4.**    **The Modest Incentive Payment to The Named Plaintiff Is Reasonable.**

8

Case 4:18-cv-00968-BP   Document 80   Filed 01/31/20   Page 8 of 11

Under the Settlement Agreement, the Named Plaintiff will receive a modest service award of $3,000.00 for being Class Representative in this action which resulted in the proposed relief to Plaintiff and the Opt-In Plaintiffs. The Named Plaintiff expended considerable time and effort and worked with Plaintiffs' Counsel throughout this Litigation in pursuing these claims on behalf of Class Members, including but not limited to: (1) discussing with Plaintiffs' Counsel various factual issues applicable to the complex legal landscape in the case; and (2) assisting with document production; and (3) participating in the settlement conference held with John Phillips.

The Named Plaintiff subjected himself to the personal tolls of being directly involved in the litigation in order to assert his perceived rights and the rights of his fellow Class Members. He took the initiative to file and pursue this matter on behalf of the Class.

Therefore, the amount sought for this incentive payment specifically set forth in the Settlement Agreement is fair and reasonable and should be approved by this Court.

### 5. Plaintiffs' Counsel Is Entitled to A Reasonable Award of Fees and Expenses.

Under the FLSA, Plaintiffs are entitled to reasonable attorneys' fees spent in recovering unpaid wages. See *29 U.S.C. § 216(b)*. The proposed settlement for $38,000.00 in attorneys' fees and costs is fair and reasonable. This figure includes all fees and out-of-pocket costs incurred by Plaintiffs' Counsel in litigating this matter on behalf of Plaintiff and the class. Plaintiffs' counsel dedicated significant time investigating and litigating this case, which necessarily limited the number of other cases they could accept. Further, Plaintiffs' counsel will continue to expend substantial time implementing the Settlement and responding to Settlement Participants' inquiries regarding the distribution of the settlement payments.

During this litigation, Plaintiffs' Counsel thoroughly familiarized themselves with Defendant's wage and hour policies and the work performed by Plaintiffs and class members.

Plaintiffs' Counsel engaged in substantial motion practice, discovery, interviews, and reviewed hundreds of pages of documents produced by Defendant. Finally, as mentioned above, Plaintiffs' Counsel participated in a full-day Settlement Conference with an experienced mediator to help resolve complex legal and procedural issues related to the terms and administration of the settlement. All of these tasks were performed at a high level, without compensation and with the ultimate risk of no compensation. Accordingly, the Parties request that the Court approve the payment of $38,000.00 in attorneys' fees and costs as part of the Parties' negotiated settlement.

## CONCLUSION

The settlement presented is an immediate, real, substantial, and fair settlement. The Parties, therefore, respectfully request that the Court approve the settlement in whole and without delay.

Respectfully Submitted,

**PROTZMAN LAW FIRM, LLC**

*By:* /s/ Andrew B. Protzman
Andrew B. Protzman   MO # 47086
Ben Stelter-Embry   MO # 65404
1100 Main Street, Suite 2430
Kansas City, MO 64105
Phone: (816) 421-5100
Fax: (816) 421-5101
Email: andy@protzmanlaw.com
         ben@protzmanlaw.com

**ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS**

**SEIGFREID BINGHAM, P.C.**

*By:* /s/ Shannon D. Johnson
Rachel H. Baker       MO #42200
Shannon D. Johnson   MO #60180
2323 Grand Blvd., Suite 1000
Kansas City, Missouri 64108

Phone: (816) 421-4460
Fax: (816) 474-3447
Email: rbaker@sb-kc.com
sjohnson@sb-kc.com

**ATTORNEYS FOR DEFENDANT**